UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAWRENCE CALLAHAM, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>      Plaintiff,<br><br>  -against-<br><br>SETTEMBRE LIMOUSINE SERVICE, INC., and ANTHONY SETTEMBRE, individually,<br><br>      Defendants. | **COMPLAINT**<br><br>**Docket No.:**<br><br>Jury Trial Demanded |

LAWRENCE CALLAHAM ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against SETTEMBRE LIMOUSINE SERVICE, INC. ("Settembre Limo"), and ANTHONY SETTEMBRE, individually, (collectively as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers distribute all gratuities and/or charges passed on from customers purporting to be gratuities to their employees, NYLL § 196-d; (iv) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, N.Y. Lab. Law § 195(3); (v) the NYLL's

1

requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, N.Y. Lab. Law § 195(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - a transportation company and its chief executive - - as a driver from September 2016 to February 2017.  As described below, throughout the entirety of his employment, Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL.  Specifically, Defendants routinely required Plaintiff to work beyond forty hours in a workweek, but failed to compensate him at the statutorily-required overtime rate for any hours that he worked in a week in excess of forty.

3.      Additionally, Defendants violated the NYLL by: failing to distribute gratuities that Plaintiff received for his services from passengers; failing to provide Plaintiff with proper wage statements on each payday; and failing to provide Plaintiff with an accurate wage notice at the time of hire.

4.      Defendants paid and treated all of their drivers in the same manner.

5.      Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA.  Plaintiff brings claims under state law on behalf of himself, individually, and on behalf of all FLSA Plaintiffs who opt-into this action.

## JURISDICTION AND VENUE

6.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.*  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7.      Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside within this judicial district and both reside within the same state, and pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

8.      At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, NYLL, and NYCCRR.

9.      At all relevant times herein, Defendant Settembre Limo is a New York corporation, with its principal place of business located at 1421 Crompond Road, Peekskill, New York 10566.

10.      At all relevant times herein, Defendant Settembre was and is the chief executive officer and president of Defendant Settembre Limo.  Defendant Settembre personally managed and oversaw the day-to-day operations of Defendant Settembre Limo, and was ultimately responsible for all matters with respect to determining employees' rates and methods of pay and hours worked.  Furthermore, Defendant Settembre had and exercised the power to hire and fire and approve all personnel decisions with respect to Defendant Settembre Limo employees, including Plaintiff.

11.      At all relevant times herein, both Defendants were and are "employers" within the meaning of the FLSA and NYLL.  Additionally, Defendant Settembre Limo's qualifying annual

business exceeded and exceeds $500,000, and Defendant Settembre Limo is engaged in interstate commerce within the meaning of the FLSA, as it operates a business shuttling passengers between airports and across state lines, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.  Furthermore, all of Defendant Settembre Limo's drivers, including Plaintiff and FLSA Plaintiffs, are required to drive clients across state lines, engaging in travel throughout New York, New Jersey, Connecticut, and various other states, as part of their jobs working for Defendants.  This independently subjects Defendants to the overtime requirements of the FLSA with respect to Plaintiff and FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

12.    Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former drivers, who during the applicable FLSA limitations period, performed any work for Defendants, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

13.    Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14.    At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times

their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

15.     Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

16.     Defendant Settembre Limo is a New York-based transportation company, which shuttles passengers to and from Westchester Airport, Newark Liberty International Airport, LaGuardia Airport, and John F. Kennedy International Airport, and also provides transportation services between other non-airport destinations in various states, including New York, New Jersey, and Connecticut.

17.     In September 2016, Defendant Settembre, on behalf of Defendant Settembre Limo, hired Plaintiff as a driver.  Plaintiff commenced his employment with Defendants in that role at that time.

18.     As a driver, Plaintiff's primary duties consisted of driving Defendants' clients in town cars with a maximum capacity of five passengers, and luxury four-door sedans also with a maximum capacity of five passengers, from and to various destinations throughout New York, Connecticut, and New Jersey, and occasionally other locations.  Primarily, Plaintiff drove Defendants' clients between airport and non-airport locations, and also on fixed routes that Defendants assigned.  Plaintiff also drove Defendants' clients in buses and stretch limousines when Defendants required him to do so.

19.     Throughout his employment, Defendants required Plaintiff to work five days per week, starting his workday sometimes as early as 4:15 a.m. and working sometimes until 3:30

a.m. the following day, without permitting Plaintiff to take scheduled or uninterrupted breaks. By approximation, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did routinely work, approximately sixty-eight hours each week.

20.     By way of example only, during the week of October 7 through October 13, 2016, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, without scheduled or uninterrupted breaks:

> Friday, October 7, 2016: 8:00 a.m. until 12:30 a.m. the following day.
>
> Saturday, October 8, 2016: 11:30 a.m. until 3:30 a.m. the following day.
>
> Sunday, October 9, 2016: 3:30 p.m. until 1:30 a.m. the following day.
>
> Monday, October 10, 2016: Off
>
> Tuesday, October 11, 2016: 4:15 a.m. until 6:15 p.m.
>
> Wednesday, October 12, 2016: Off
>
> Thursday October 13, 2016: 9:00 a.m. until 8:30 p.m.

Thus, adding up the hours for this representative workweek, Plaintiff worked sixty-eight hours.

21.     As a second example, during the week of November 4 through November 10, 2016, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, again without scheduled or uninterrupted breaks:

> Friday, November 4, 2016: 11:30 a.m. until 9:30 p.m.
>
> Saturday, November 5, 2016: 5:00 a.m. until 7:00 p.m.
>
> Sunday, November 6, 2016: 5:00 a.m. until 7:00 p.m.
>
> Monday, November 7, 2016: 4:30 a.m. until 11:00 p.m.
>
> Tuesday, November 8, 2016: Off
>
> Wednesday, November 9, 2017: 4:00 a.m. until 3:30 p.m.

Thursday, November 10, 2016: Off

Thus, adding up the hours for this representative workweek, Plaintiff worked sixty-eight hours.

22.     For each workweek that Plaintiff worked, Defendants paid Plaintiff a varying rate based on the assignments given and their duration, but failed to pay Plaintiff at any rate whatsoever for the hours that Plaintiff worked each week beyond forty.  Defendants determined the rate that they paid Plaintiff based upon the vehicle that Plaintiff drove and the number of hours that Plaintiff reported for each trip.

23.     Additionally, Defendants permitted Plaintiff to keep tips received in cash from passengers, if passengers did in fact give him cash.  Defendants, however, failed to provide Plaintiff with any tips that passengers paid directly to Defendants by credit card.

24.     By way of example only, for the weekly pay period of October 7 through October 13, 2016, when Plaintiff worked a total of sixty-eight hours, Defendants paid Plaintiff $600.00 based on the twelve jobs that he performed that week, and Plaintiff received approximately $200.00 in cash tips from passengers.  Accordingly, Defendants paid Plaintiff a total of $800, which was meant to cover only his first forty hours of work per week, and which amounts to a regular rate of $20.00.  Defendants did not pay Plaintiff at any rate, let alone at the rate of time and one-half his regular rate of pay, or $30.00 per hour, for any hour that Plaintiff worked that week in excess of forty.

25.     By way of example only, for the weekly pay period of November 4 through November 10, 2016, when Plaintiff worked a total of sixty-eight hours, Defendants paid Plaintiff $510.00 based on the ten jobs that he performed that week, and Plaintiff received approximately $150.00 in cash tips from passengers.  Accordingly, Defendants paid Plaintiff a total of $660, which was meant to cover only his first forty hours of work per week, and which amounts to a

regular rate of $16.50. Defendants did not pay Plaintiff at any rate, let alone at the rate of time and one-half his regular rate of pay, or $24.75 per hour, for any hour that Plaintiff worked that week in excess of forty.

26.     Defendants paid Plaintiff on a weekly basis.

27.     On each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his actual hours worked for that week, or his straight and overtime rates of pay for all hours worked.

28.     Additionally, Defendants did not provide Plaintiff with a wage notice at the time of his hire that accurately contained, *inter alia*, Plaintiff's rates of pay as designated by the employer.

29.     Defendants treated Plaintiff and all FLSA Plaintiffs in the manner described above.

30.     Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

31.     Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

32.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

33.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

34.     As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

8

35.     As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

36.     Defendants willfully violated the FLSA.

37.     Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

38.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the NYLL and the NYCCRR*

39.     Plaintiff, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

40.     NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

41.     As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, and any FLSA Plaintiff that opts in to this action, are employees within the meaning of the NYLL and the NYCCRR.

42.     As also described above, Plaintiff, and any FLSA Plaintiff that opts in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

43.     Plaintiff, and any FLSA Plaintiff that opts in to this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

44.     Plaintiff, and any FLSA Plaintiff that opts in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Distribute Tips in Violation of the NYLL*

45.     Plaintiff, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46.     NYLL §196-d requires employers to allow employees to retain all tips received by the employee, individually, or in a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

47.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, and any FLSA Plaintiff that opts in to this action is an employee within the meaning of the NYLL.

48.     As also described above, Defendants' customers often charged gratuities by credit card that were intended for Plaintiff, and any FLSA Plaintiff that opts in to this action, yet Defendants retained these tips for their own use.

49.     As a result, Plaintiff, and any FLSA Plaintiff that opts in to this action, are entitled to recover all gratuities and/or tips that Defendants' customers left for them but that Defendants failed to properly distribute.

50.     Plaintiff, and any FLSA Plaintiff that opts in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of NYLL § 196-d.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Statements in Violation of the NYLL*

51.     Plaintiff, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52.     N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

53.     As described above, Defendants, on each payday, failed to furnish Plaintiff, and any FLSA Plaintiff that opts in to this action, with accurate wage statements containing the criteria required under the NYLL.

54.     Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts in to this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

55.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts in to this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## FIFTH CLAIM OF RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Notices in Violation of the NYLL*

56.     Plaintiff, and any FLSA Plaintiff that opts in to this action, repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

11

57.     NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

58.     As described above, Defendants failed to furnish Plaintiff, and any FLSA Plaintiff that opts in to this action, with accurate wage notices at hire containing all of the criteria required under the NYLL.

59.     Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts in to this action, in the amount of $50 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.

60.     On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts in to this action, in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

61.     Pursuant to FRCP 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a.     A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.     Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

12

c.     An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form in this litigation;

d.     Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.     All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f.     Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

g.     Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

h.     Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

i.     Pre-judgment and post-judgment interest, as provided by law; and

      j.      Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds

necessary and proper.

Dated: New York, New York
         June 28, 2017

                          Respectfully submitted,

                          BORRELLI & ASSOCIATES, P.L.L.C.
                          *Attorneys for Plaintiff*
                          655 Third Avenue, Suite 1821
                          New York, New York 10017
                          (212) 679-5000

By:    _____
                          JEFFREY R. MAGUIRE (JM 1982)
                          ALEXANDER  T.  COLEMAN  (AC  1717)
                          MICHAEL J. BORRELLI (MB 8533)