# EXHIBIT A

# SETTLEMENT AND GENERAL RELEASE AGREEMENT

This Settlement and General Release Agreement (the "Agreement"), dated April ____, 2018, is entered into between Lawrence Callaham, Santos Cruz, and Jean Luckson (the "Plaintiffs") and Settembre Limousine Service, Inc., and Anthony Settembre (the "Defendants").

WHEREAS Lawrence Callaham on June 28, 2017 filed a Complaint against Defendants in the matter captioned *Lawrence Callaham, on behalf of himself, individually, and on behalf of all other similarly situated v. Settembre Limousine Service, Inc.; and Anthony Settembre*, Case No. 17-cv-4896 (CS), which is pending in the United States District Court for the Southern District of New York (the "Litigation"); and

WHEREAS on August 21, 2017, Defendants filed an Answer denying each and every allegation of wrongdoing asserted in this litigation.

WHEREAS on November 7, 2017, the District Court granted conditional certification to send notice to putative members of a collective action pursuant to 29 U.S.C. § 216(b), and as a result, opt-in Plaintiff Jean Luckson opted-in to the action on December 8, 2017, and opt-in Plaintiff Santos Cruz opted-in to the action on January 10, 2018; and

WHEREAS on March 5, 2018, the parties participated in mediation with Raymond Nardo, Esq., a member of the Southern District of New York's mediation panel; and

WHEREAS as a result of the mediation, the parties hereto have agreed to settle finally and fully all claims that were or could have been asserted against each other in the Litigation or otherwise upon the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, it is agreed as follows:

1.  Release by Plaintiffs. In consideration of the payments and benefits set forth in Section 4 below, the Plaintiffs hereby unconditionally and irrevocably release, waive, discharge, and give up any and all claims against Defendants, their parent and affiliate companies, including but not limited to Settembre Bus Co., Inc., subsidiaries, divisions, business units, committees, groups, officers, directors, shareholders, employees, successors, assigns, trustees, administrators, and executors (collectively referred to as "RELEASEES") and release and forever discharge the RELEASEES and their heirs, executors, administrators, successors, trustees, assigns, subsidiaries, officers, directors, shareholders, employees, legal representatives, and agents of each of them from all actions, causes of action, and suits that against the RELEASEES that the Plaintiffs, or any of the Plaintiffs' heirs, executors, administrators, agents, successors, and/or assigns, may now have or hereinafter can, shall, or may have, for unpaid wages, minimum wage, overtime pay, expenses, salaries, benefits, commissions, bonuses, or any other wage-related compensation from the beginning of the world to the Effective Date (as defined below) including those claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the New York Labor Law, any New York wage-hour and wage-payment laws, and/or any other federal, state, or local wage-hour, wage-payment, or labor laws. Plaintiffs shall not be deemed to be in breach of any provision of

1

this Agreement, by: (i) filing, providing information to or participating in, or testifying as part of any investigation, hearing, or proceeding conducted by a governmental agency (provided that they are not entitled to receive any monetary damages or equitable relief under the foregoing released claims); (ii) filing or recovering under a Workers' Compensation claim; or (iii) enforcing the terms of this Agreement against the Defendants.

2. Representations; Covenant Not to Sue.

(A) Plaintiffs hereby represent and warrant to Defendants that they do not have: (i) with the exception of the Litigation filed, or caused or permitted to be filed, any pending proceeding against the Defendants, nor have they agreed to do any of the foregoing: (ii) assign, transfer, sell, encumber, pledge, hypothecate, mortgage, distribute, or otherwise dispose of, or convey to any third party, any right or Claim against the Defendants that has been released in this Agreement; or (iii) directly or indirectly assisted any third party in filing, causing, or assisting to be filed any Claim against Defendants and (iv) they will not do so in the future to the context under prohibition as permitted by law.

(B) Defendants hereby represent and warrant to the Plaintiffs that they have not caused or permitted to be filed any pending proceeding against Plaintiffs, nor have Defendants agreed to do any of the following: (i) assign, transfer, sell, encumber, pledge, hypothecate, mortgage, distribute, or otherwise dispose of, or convey to any third party, any right or claim against Plaintiffs; or (ii) directly or indirectly assist any third party in filing, causing, or assisting to be filed any Claim against Plaintiffs.

(C) In the event that any of the Plaintiffs institute, are a party to, or are member(s) of a class, collective, or multi-party group that institutes any claim or action against RELEASEES, arising from any alleged conduct by the Defendants which sets forth a claim alleging failure to pay overtime wages or spread of hours pay or other wage payments for the period of time covered by the Complaint in the Litigation, Plaintiffs agree that their claims shall be dismissed or class membership terminated immediately upon presentation of this Agreement.

3. Payments and Benefits.

(A) As good consideration for Plaintiffs' execution and delivery of this Agreement, Defendants agree to provide the Plaintiffs with a payment in the aggregate amount of Twenty Five Thousand Dollars and Zero Cents ($25,000.00), payable as described below, which shall be delivered to Michael J. Borrelli, Esq., Borrelli & Associates, P.L.L.C., 1010 Northern Boulevard, Suite 328, Great Neck, New York 11021:

(a) The $25,000.00 Settlement Amount shall be distributed as follows:

Within thirty (30) days of the Court's approval of the settlement, the Defendants shall issue four (4) separate checks as follows:

(i) One check shall be made payable to "Borrelli & Associates, P.L.L.C." in the amount of $8,737.20, representing attorneys' fees and costs, for which a Form 1099 will be issued to Plaintiffs and Plaintiffs' counsel.

2

(ii) One check shall be made payable to "Lawrence Callaham" in the amount of $11,731.42 as alleged back wages and liquidated damages, to be reported on an IRS 1099 form;

(iii) One check shall be made payable to "Santos Cruz" in the amount of $4,464.72 as alleged back wages and liquidated damages, to be reported on an IRS 1099 form;

(iv) One check shall be made payable to "Luckson Jean" in the amount of $66.66 as alleged back wages and liquidated damages, to be reported on an IRS 1099 form;

(B) Plaintiffs and Borrelli & Associates, P.L.L.C., shall provide Defendants with a Form W-9, and Defendants shall issue a Form 1099 to Plaintiffs for the payments made to Plaintiffs and Borrelli & Associates, P.L.L.C., and shall also issue a Form 1099 to Plaintiffs and Borrelli & Associates, P.L.L.C. for the payments made to Borrelli & Associates, P.L.L.C.

(C) Plaintiffs acknowledge and agree that the payments and benefits in this Section 4 are in full and final settlement and satisfaction of the claims asserted, or that could have been asserted concerning wage-related claims, in the Litigation, including liquidated damages, intended attorney's fees and costs, and of Defendants' obligations under any compensation, deferred compensation, or similar agreements or arrangements, and all amounts otherwise due, if any, on account of the Plaintiffs' employment by any of the Defendants. Plaintiffs acknowledge that nothing in this Agreement shall be deemed to be an admission of liability on the part of Defendants.

(D) No representation regarding the tax implications of this Agreement or the manner in which this Agreement may be treated by the Internal Revenue Service is made by any Defendant, nor should any such representation be implied by any language within this Agreement. Plaintiffs agree and understand that neither Defenuants nor their attorneys have made any representations regarding the tax treatment of the sums paid pursuant to this Agreement, and Plaintiffs agree that they is responsible for determining the tax consequences of such payments and for paying taxes, if any, that may be owed by himself with respect to such payments. In the event a claim for such taxes and/or penalties and interest is asserted by any taxing authority, however, Plaintiffs agree to, and do hereby, indemnify and hold Defendants harmless against any and all tax liability (including interest and/or penalties) as due thereon from Plaintiffs.

4. <u>Dismissal of the Litigation.</u>

(A) No later than April 6, 2018, the parties agree that Plaintiffs' counsel will cause to be filed with the Court a Motion to Approve Settlement and/or any other documents needed to obtain settlement approval.

(B) Should the Court approve the settlement, the Litigation shall be dismissed with prejudice and without costs or attorneys' fees. Plaintiffs shall file a proposed order and stipulation dismissal along with the above-referenced motion no later than April 6, 2018, signed by all parties.

3

(C)    Should the Court not approve the settlement, the parties agree that they will have forfeited no rights and will revert to the stance of litigation as it existed on April 6, 2018.

5.    <u>Who is Bound</u>. Defendants and Plaintiffs are bound by this Agreement. Anyone who succeeds to Plaintiffs' rights and responsibilities, such as Plaintiffs' heirs and the executors and administrators of Plaintiffs' estate, is bound by this Agreement, and anyone who succeeds to the Defendants' rights and responsibilities, such as their successors and assigns, is similarly bound.

6.    <u>Non-disparagement</u>.

(A)    Plaintiffs agree that at all times following the Effective Date defined at Section 18(B) below they shall not publish or communicate to any person any Disparaging remarks, comments, or statements concerning Defendants and shall not request, instruct, or direct that others do so. Plaintiffs shall not be deemed to be in breach of this provision, however, by making any truthful statements about their experiences in litigating this case, or by providing truthful testimony to the Equal Employment Opportunity Commission or any governmental agency. For purposes of this Agreement the term "Disparaging" shall mean remarks, comments, statements, or communications (written or oral) that are not true and: (i) that reflect adversely on the affairs or practices of the Person or entity being remarked or commented upon; or (ii) that impugn the character, honesty, integrity, morality, acumen, or abilities of the Person or entity being remarked or commented upon.

(B)    Defendants agree that at all times following the Effective Date defined in Section 18 below, Anthony Settembre shall not publish or communicate to any person any Disparaging remarks, comments, or statements concerning the Plaintiffs and shall not instruct or direct others to do so.

7.    <u>Death Clause</u>. If one or more Plaintiffs should die between the date of this Agreement and the delivery of the settlement proceeds as described in Section 4 hereinabove, the payments described in Sections 4 shall not cease and the Defendants shall deliver those payments to Plaintiffs' attorneys Borrelli & Associates, P.L.L.C., who shall distribute the payments to the respective Plaintiff's estate.

8.    <u>Severability</u>. If any term, provision, covenant, or restriction contained in this Agreement, or any part thereof, is held by a court of competent jurisdiction, or any foreign, federal, state, county, or local government or any other governmental regulatory or administrative agency or authority or arbitration panel, to be invalid, void, or unenforceable or against public policy for any reason, the remainder of the terms, provisions, covenants, and restrictions in this Agreement shall remain in full force and effect.

9.    <u>Governing Law</u>. This Agreement shall be governed by and enforced in accordance with the laws of the State of New York without regard to its conflicts-of-law principles. The parties consent to the Court retaining jurisdiction of this matter until the settlement proceeds are paid in full.

11.    <u>Headings</u>. The headings in this Agreement are included for convenience of reference only and shall not affect the interpretation of this Agreement.

12. <u>Counterparts</u>. This Agreement may be executed and delivered with facsimile or scanned and emailed signature and in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

13. <u>No Other Assurances</u>. Plaintiffs acknowledge that in deciding to sign this Agreement that they have not relied on any promises or commitments, whether spoken or in writing, made to them by any Person except for what is expressly stated in this Agreement. This Agreement constitutes the entire understanding and agreement between the Plaintiffs and Defendants, and this Agreement supersedes, replaces, and cancels all previous agreements and commitments, whether spoken or written, in connection with the matters described herein.

14. <u>Entire Agreement; Modification</u>. This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes any and all prior agreements or understandings (whether written or oral) of the parties relating to Plaintiffs' employment or the cessation thereof.

15. <u>Opportunity For Review</u>. Plaintiffs represent and warrant that they: (i) have read this Agreement; (ii) understand all the terms and conditions thereof; (iii) are not incompetent and no Plaintiff has a guardian, conservator, or trustee appointed for himself; (iv) have entered into this Agreement of their own free will and volition; (v) have duly executed and delivered this Agreement; (vi) understand that they are responsible for their own attorneys' fees and costs; (vii) have had the opportunity to review this Agreement with counsel; (viii) have been given a reasonable period of time to review this Agreement before signing it; and (ix) understand that this Agreement is valid, binding, and enforceable against the parties hereto in accordance with its terms.

16. <u>Shifting Counsel Fees</u>. In any dispute concerning an alleged breach of this Agreement, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs, including any reasonable fees incurred in making such application for attorneys' fees.

17. <u>Effective Date</u>. The "Effective Date" is the date upon which the Court issues its order or opinion approving this settlement.

18. <u>Reference</u>. If Plaintiffs seek employment and if a potential employer of Plaintiffs seek a reference from Anthony Settembre, Settembre's response will be limited to any Plaintiff's dates of employment and job title, and informing the inquiring party that it is the policy of Defendants to provide neutral references only.

19. <u>Signatories' Representations</u>. The persons affixing their signatures to this Agreement represent and warrant that they have the authority to enter into this Agreement on their own behalf and/or on behalf of the entities they represent.

20. <u>Non-admission</u>.

(A) Plaintiffs understand that Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation. Plaintiffs understand that by entering into this Agreement Defendants do not acknowledge or admit in any way that the Plaintiffs' claims in the Complaint have any merit, or that the Defendants engaged in any

5

wrongdoing against Plaintiffs or violated any federal, state, or local law, statute, order, ordinance, rule, regulation, or contract, or common law requirement, duty, or obligation.

(B) Whether or not this Agreement becomes effective, neither this Agreement nor any exhibit, document, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiffs in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation, or principle of common law or equity; or (b) an admission or concession on the part of Defendants that Plaintiffs have suffered any damage. Additionally, Plaintiffs agree that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

Agreed to and accepted on this _18_ day of April, 2018

_[signature]_
Lawrence Callaham

Agreed to and accepted on this ____ day of April, 2018

_____
Santos Cruz

Agreed to and accepted on this ____ day of April, 2018

_____
Luckson Jean

Agreed to and accepted on this ____ day of April, 2018

Settembre Limousine Service, Inc.

By:_____
Name:
Title:

Agreed to and accepted on this ____ day of April, 2018

_____
Anthony Settembre

6

wrongdoing against Plaintiffs or violated any federal, state, or local law, statute, order, ordinance, rule, regulation, or contract, or common law requirement, duty, or obligation.

(B) Whether or not this Agreement becomes effective, neither this Agreement nor any exhibit, document, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiffs in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation, or principle of common law or equity; or (b) an admission or concession on the part of Defendants that Plaintiffs have suffered any damage. Additionally, Plaintiffs agree that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

Agreed to and accepted on this ____ day of April, 2018

_____
Lawrence Callaham

Agreed to and accepted on this __17__ day of April, 2018

_____
Santos Cruz

Agreed to and accepted on this ____ day of April, 2018

_____
Luckson Jean

Agreed to and accepted on this ____ day of April, 2018

_____
Settembre Limousine Service, Inc.

By:_____
Name:
Title:

Agreed to and accepted on this ____ day of April, 2018

_____
Anthony Settembre

6

(B) Whether or not this Agreement becomes effective, neither this Agreement nor any exhibit, document, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiffs in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation, or principle of common law or equity; or (b) an admission or concession on the part of Defendants that Plaintiffs have suffered any damage. Additionally, Plaintiffs agree that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

Agreed to and accepted on this ____ day of April, 2018

_____
Lawrence Callaham

Agreed to and accepted on this ____ day of April, 2018

_____
Santos Cruz

Agreed to and accepted on this 18 day of April, 2018

_____*Luckson Jean*_____
Luckson Jean

Agreed to and accepted on this ____ day of April, 2018

_____
Settembre Limousine Service, Inc.

By:_____
Name:
Title:

Agreed to and accepted on this ____ day of April, 2018

_____
Anthony Settembre

wrongdoing against Plaintiffs or violated any federal, state, or local law, statute, order, ordinance, rule, regulation, or contract, or common law requirement, duty, or obligation.

(B) Whether or not this Agreement becomes effective, neither this Agreement nor any exhibit, document, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiffs in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation, or principle of common law or equity; or (b) an admission or concession on the part of Defendants that Plaintiffs have suffered any damage. Additionally, Plaintiffs agree that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

Agreed to and accepted on this _____ day of April, 2018

_____
Lawrence Callaham

Agreed to and accepted on this _____ day of April, 2018

_____
Santos Cruz

Agreed to and accepted on this _____ day of April, 2018

_____
Luckson Jean

Agreed to and accepted on this _13_ day of April, 2018

_President_
Settembre Limousine Service, Inc.
By: _____
Name:
Title:

Agreed to and accepted on this _18_ day of April, 2018

_____
Anthony Settembre

6